UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **BRIAN KEITH CHISHOLM** | **CIVIL ACTION NO. 09-1071-P** |
| **VERSUS** | **JUDGE HICKS** |
| **ANTHONY BATSON, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Brian Keith Chisholm, pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on June 22, 2009. Plaintiff names Anthony Batson, Jerry Goodwin, Susan Tucker, Major Specks, and Colt Palmer as defendants.

Plaintiff filed a motion for the Court to order the Warden, Head of Classification, and Inmate Banker to stop depriving inmates of their due process rights, access to the court, and not to retaliate against them for doing so. The Court then sent him a Memorandum Order denying this motion. However, that Memorandum Order was returned to this Court on November 18, 2011, by the United States Postal Service marked "RETURN TO SENDER - PLEASE CORRECT YOUR ADDRESS." To date, Plaintiff has not informed this Court of

his new address.

All parties have the responsibility of promptly reporting to the Court and to all other parties any change in the mailing address. Failure to do so shall be considered cause for dismissal for failure to prosecute. See ULLR 41.3W.

Accordingly;

**IT IS RECOMMENDED** that this complaint be **DISMISSED WITHOUT PREJUDICE**, sua sponte, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the Court and under the Court's inherent power to control its own docket. See Link v. Wabash Railroad Company, 370 U.S. 626, 82 S.Ct. 1386 (1962); Rogers v. Kroger Company, 669 F.2d 317, 320-321 (5th Cir. 1983).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy

shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 14th day of February 2012.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE